### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION FILE NO.: ) |
| BACONSFIELD APARTMENTS, INC., | ) ) ) |
| Defendant. | ) |

### COMPLAINT FOR RESCISSION

COMES NOW, Nautilus Insurance Company ("Nautilus") and files this Complaint for Rescission, showing the Court as follows:

### PARTIES

1.

Nautilus, plaintiff herein, is a corporation organized under the laws of Arizona with its principal place of business in Arizona.

2.

Baconsfield Apartments, Inc. ("Baconsfield"), defendant herein, is organized under the laws of Georgia with its principal place of business in

1

Georgia. Baconsfield may be served through its registered agent, Kunj Construction U.S.A. Inc., at 8062 Eisenhower Parkway, Lizella, Georgia 31052.

## JURISDICTION AND VENUE

3.

There is complete diversity of citizenship between Nautilus, who is a citizen of Arizona, and Baconsfield, who is a citizen of Georgia, for purposes of federal court jurisdiction.

4.

The amount in controversy exceeds $75,000.

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.

Baconsfield is subject to the personal jurisdiction of this Court.

7.

Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) because Baconsfield resides in Bibb County and pursuant to 28 U.S.C. §

1391(b)(2) because the material misrepresentations in the application for insurance giving rise to the rescission claim occurred in Bibb County.

8.

Venue is proper in the Macon Division where Baconsfield resides pursuant to Local Rule 3.4

## FACTS

9.

Nautilus issued policy NN1125585 to "Baconsfield Apartments, LLC" as the named insured for the period May 21, 2020 to May 21, 2021, which included coverage for property located at 776 Baconsfield Road, Macon, Georgia 31211. A true and complete copy of the Policy is attached as Exhibit A.

10.

The legal name of the insured party is Baconsfield Apartments, Inc.

11.

The policy was issued based on representations in application forms submitted by Baconsfield through its agent Dale Melton. Specifically, Mr. Melton submitted three forms entitled "Vacant Building Production Application," "Commercial Package Application" and "Lessor's Risk Supplemental Application." True and complete copies of the three application forms are attached as Exhibits B, C, and D.

12.

On July 8, 2020, Baconsfield made a claim for a "total loss" of the property for a fire that occurred in the early morning hours of the same day.

13.

The applicable limit for a covered loss under the policy is $1,500,000.

14.

During the course of the claim investigation, Nautilus learned the Property Maintenance Division of Macon-Bibb County Business Development Services had issued a "Notice of Violation" to Baconsfield dated March 12, 2020. A true and complete copy of the Notice of Violation is attached as Exhibit E.

15.

The Notice of Violation referenced the property at "776 Baconsfield Dr," itemized multiple violations of the applicable ordinances, identified and extensive damage to the property, and required Baconsfield to "repair or demolish the unsafe structure(s) cited herein."

16.

Baconsfield responded to the Notice of Violation on March 17, 2020 by acknowledging the dilapidated state of the property and stating:

4

> I received your notice of Violation, we are in the process of redeveloping that property into apartments. We plan to reuse the building, so we can't demolish it. I'm waiting on financing to start on the project but with the current pandemic, things are being delayed. What can we do to resolve this issue until we start construction?

A true and complete copy of Baconsfield's response to the Notice of Violation is attached as Exhibit F.

17.

Baconsfield did not perform any of the corrective action required by the Notice of Violation at any time between its issuance on March 12, 2020 and the inception of the Policy on May 31, 2020 which included the time the insurance application was submitted that included the Vacant Building Production Application.

18.

In pertinent part, Baconsfield responded "no" to the question in the Vacant Building Production Application that asked, "Is the building currently damaged by fire or otherwise?" Baconsfield has acknowledged that it responded incorrectly to that question in the application.

19.

Nautilus would not have issued the Policy had the true information on the existing damage to the property been disclosed in the application for insurance.

**RESCISSION**

20.

The allegations contained in Paragraphs 1 to 17 of this complaint are incorporated by reference as if set forth fully herein.

21.

Baconsfield made misrepresentations, omissions, concealment of facts, and/or incorrect statements in applying for coverage that were material to the acceptance of the risk and the hazard assumed by Nautilus.

22.

Nautilus in good faith would not have issued the Policy and/or would not have issued the coverages issued or at the premium rate as applied for if Baconsfield had disclosed the true facts to Nautilus in applying for coverage.

23.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is filing contemporaneously herewith a motion for leave to deposit the remaining amount of the policy premium into this Court's registry pending resolution of this action.

24.

Pursuant to O.C.G.A. § 33-24-7, Nautilus is entitled to rescind and void the policy *ab initio*.


**RESCISSION**

20.

The allegations contained in Paragraphs 1 to 17 of this complaint are incorporated by reference as if set forth fully herein.

21.

Baconsfield made misrepresentations, omissions, concealment of facts, and/or incorrect statements in applying for coverage that were material to the acceptance of the risk and the hazard assumed by Nautilus.

22.

Nautilus in good faith would not have issued the Policy and/or would not have issued the coverages issued or at the premium rate as applied for if Baconsfield had disclosed the true facts to Nautilus in applying for coverage.

23.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is filing contemporaneously herewith a motion for leave to deposit the remaining amount of the policy premium into this Court's registry pending resolution of this action.

24.

Pursuant to O.C.G.A. § 33-24-7, Nautilus is entitled to rescind and void the policy *ab initio*.

25.

WHEREFORE, this Court should declare that the Policy is rescinded and that no coverage is owed thereunder for the fire loss sustained on or about July 8, 2020.

**A JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Lee D. Whatling
Georgia Bar No. 689717
lwhatling@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)